UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

Joanna Blondeau, individually and on behalf
of all others similarly situated,

    Plaintiff,

v.

MedStream Anesthesia, PLLC,

    Defendant.

Civ. No.: _____

## COLLECTIVE ACTION COMPLAINT

    Joanna Blondeau ("Plaintiff"), individually and on behalf of others similarly situated, brings this Complaint against MedStream Anesthesia, PLLC ("Defendant").

### PRELIMINARY STATEMENT

    1.    This is a putative collective action brought by Plaintiff on behalf of herself and all others similarly situated. Plaintiff, and others similarly situated, worked for Defendant as Certified Registered Nurse Anesthetists ("CRNAs"), and were denied wages required by federal wage and hour laws.

    2.    Defendant misclassified Plaintiff and others similarly situated as independent contractors and failed to pay them one and one-half times their regular rate of pay for all hours worked over 40 in a workweek as required by federal law.

    3.    Plaintiff seeks overtime compensation for hours worked over 40 in a workweek pursuant to Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. In accordance with § 216(b) of the FLSA, Plaintiff brings this case as a putative collective action.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201, *et seq*.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District.

## THE PARTIES

6. Plaintiff resides in Columbus, Ohio. She worked as a Certified Registered Nurse Anesthetist (CRNA) for Defendant from approximately May 2020 to December 2022 at Hilton Head Hospital in South Carolina.

7. Defendant MedStream Anesthesia, PLLC ("MedStream"), is a domestic business incorporated and registered to conduct business in North Carolina. According to online sources, MedStream is a healthcare solutions company with over 60 anesthesia practice sites throughout the United States. MedStream partners with health systems and hospitals like Hilton Head Hospital to provide customized perioperative programs.

8. Plaintiff consents in writing to be a party to this FLSA action pursuant to 29 U.S.C. § 216(b). Plaintiff's Consent Form is attached as Exhibit A. As this case proceeds, it is likely other individuals will sign consent forms and join as plaintiffs.

## COVERAGE UNDER THE FLSA

9. Defendant has an annual gross volume of sales made or business done of $500,000 or greater in accordance with 29 U.S.C. § 203(s)(1)(A)(ii).

10. Defendant operates in interstate commerce by, among other things, offering and providing its services in hospitals and clinics in multiple states across the country.

11. At all material times, Plaintiff and other CRNAs were engaged in commerce as defined by 29 U.S.C. § 207(a)(1).

12. At all material times, Plaintiff and other similarly situated CRNAs were qualified as employees under the FLSA, 29 U.S.C. § 203(e)(1).

13. Defendant was or is Plaintiff's and the similarly situated CRNAs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

14. Plaintiff and the similarly situated CRNAs were employees entitled to the FLSA's protections. They allege that Defendant's uniform practice of misclassifying CRNAs as independent contractors and paying no overtime premium for overtime hours worked, deprives Plaintiff and those similarly situated of overtime compensation in violation of the FLSA.

## COLLECTIVE ACTION DEFINITION

15. Plaintiff files this action on behalf of herself and all other similarly situated individuals. The putative FLSA Collective is defined as follows:

> All Certified Registered Nurse Anesthetists (CRNAs) who worked for Defendant at any time since three years prior to the filing of this Complaint through judgment.

## GENERAL FACTUAL ALLEGATIONS

16. Defendant provides anesthesia related services in approximately 60 hospitals and clinics in approximately ten states throughout the United States.

17. Defendant hired Plaintiff and those similarly situated to administer and provide anesthesia-related care to patients before, during, and after surgeries in healthcare facilities that contracted with Defendant to provide these services.

18. Plaintiff and the proposed FLSA Collective worked exclusively for Defendant on a continuing basis. Plaintiff and those similarly situated did not sell or advertise their services to the general public or work for any other company other than Defendant.

3

19. Defendant misclassified Plaintiff and others similarly situated as independent contractors.

20. Defendant reduced its tax liability and avoided paying workers' compensation by classifying Plaintiff and other CRNAs as independent contractors.

21. Defendant subjected Plaintiff and the proposed FLSA Collective to its direction and control, including the manner in which they performed their work. For example:

A. Defendant informed Plaintiff when she was hired that she was expected to work a specific number of shifts, including on-call shifts, every two weeks.

B. Plaintiff and the similarly situated CRNA's reported to Defendant's Chief CRNA. The Chief CRNA created Plaintiff's and the similarly situated CRNAs' schedules, acted as their main point of contact for questions, addressed issues and concerns, and conducted their annual reviews. Defendant also employed a Chief Anesthesiologist, which was also involved in the oversight of CRNAs at Defendant's work sites.

C. Defendant's Chief CRNA created Plaintiff's and the similarly situated CNRAs' work schedules, which were completed in three-month increments (specifically, at least 90 days prior to the first day of each month). If plaintiff was unable to work on a scheduled day, she was required to inform Defendant immediately.

D. Plaintiff and the similarly situated CRNAs reported to Defendant's Chief CRNA.

E. Defendant determined Plaintiff's manner and rate of pay. Plaintiff was not able to negotiate her pay rate.

F. Defendant required Plaintiff and those similarly situated to record their work hours in Defendant's online portal. Defendant provided specific instructions related to the manner in which Plaintiff's hours were to be recorded (specifically, to record hours in .25 increments).

G. Defendant required Plaintiff and the similarly situated CRNAs to follow Defendant's instructions, processes, and policies regarding the method by which their work was to be completed.

H. Defendant required Plaintiff and those similarly situated to complete training and education modules, provided by Defendant. These modules provided information related to Defendant's internal policies and standards, and the expectations associated with them.

I. Defendant required CRNAs to obtain specific certifications to perform work at Defendant's work sites.

J. Defendant required Plaintiff and those similarly situated to track the work they completed each day and to submit charts outlining that work.

K. Defendant prohibited Plaintiff and those similarly situated from competing with it for one year after their employment with Defendant terminated.

L. Defendant had the right suspend and/or terminate Plaintiff any time, without cause.

M. Plaintiff and the similarly situated CRNAs were/are not in business for themselves; rather, they were/are integral to Defendant's business.

22. Plaintiff routinely worked more than 40 hours in a workweek for Defendant. For example, during the workweek beginning October 23, 2022, she worked approximately 44 hours. Defendant did not compensate her with an overtime premium during this workweek, or in any other workweeks.

23. Defendant did not pay Plaintiff or others similarly situated an overtime premium for the overtime hours they worked. Defendant is aware that some of its CNRAs routinely worked over 40 hours per week and were not paid overtime because Defendant scheduled them and required them to complete shifts that resulted in overtime.

5

24. Defendant is aware of the hours its CRNAs worked because it required them to submit their hours using Defendant's online portal.

25. In addition, Plaintiff and other CRNAs had a meeting with members of Defendant's management to discuss their wages and the long hours they were required to work. In the meeting, Plaintiff and others requested that they receive an increase in their hourly rate for working beyond their scheduled shifts. Defendant ignored those requests and did not increase Plaintiff's hourly rate.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

27. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff brings Count I individually and on behalf and all similarly situated individuals.

28. Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation to non-exempt employees for hours worked over forty (40) in a workweek.

29. Defendant engaged in a pattern and practice of violating the FLSA by misclassifying Plaintiff and all similarly situated individuals as independent contractors, and failing to pay its CRNAs overtime compensation as required by law.

30. Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and those similarly situated proper overtime compensation for all hours worked over forty (40).

31. For example, Defendant's CRNA workforce consists of both CRNAs who are classified as independent contracts and CRNAs who are classified as W-2 employees. Defendants treat both the same or similarly regardless of their classification.

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT FOR FAILURE TO PAY OVERTIME COMPENSATION

**29 U.S.C. § 201**, *et seq.*
*On Behalf of Plaintiff and the FLSA Collective*

32. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

33. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees an overtime premium for all hours worked over forty (40) per workweek.

34. Defendant suffered and permitted Plaintiff and the FLSA Collective to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq.*

35. Defendant knew or showed reckless disregard for the fact that it failed to pay these individuals overtime compensation, constituting a willful violation of the FLSA.

36. Defendant's failure to comply with the FLSA overtime protections caused Plaintiff and the FLSA Collective to suffer loss of wages and interest thereon.

37. Plaintiff and the FLSA Collective are entitled to unpaid overtime, liquidated damages, and attorney's fees and costs under the FLSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and the proposed FLSA Collective, prays for relief as follows:

1. Certification of a collective action under § 216(b) of the FLSA;

2. Judgment against Defendant for violating federal overtime law;

3. Judgment against Defendant for an amount equal to Plaintiff's and the FLSA Collective's overtime wages due and owing and liquidated damages;

4. Judgment that Defendant's violations were willful and/or not in good faith;

5. An award of any pre- and post-judgment interest;

6. An award of reasonable attorneys' fees and costs;

7. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

8. Such further relief as may be appropriate.

Date: April 25, 2023

By: *s/ Joshua M. Krasner*
**BARRETT LAW OFFICES, PLLC**
William Barrett, NC Bar No. 19545
Joshua M. Krasner, NC Bar. No.19132
5 West Hargett St., Suite 910
Raleigh, NC 27601
(919) 999-2799
wbarrett@barrettlawoffices.com
jkrasner@barrettlawoffices.com

**NICHOLS KASTER, PLLP**
Rachhana T. Srey, MN Bar No. 340133*
4700 IDS Center
80 S. 8th Street
Minneapolis, Minnesota 55402
Telephone: (612) 256-3200
srey@nka.com

*\* Pro hac vice application forthcoming*

**Attorneys for Plaintiff and the putative FLSA Collective**